**THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

Steven Aronson, Matthew Aronson
           Plaintiffs,

    v.

JJMT Capital LLC, a Delaware limited liability        Case No. _____
company
          Defendant

**COMPLAINT**

Steven Aronson and Matthew Aronson, by and through their attorneys Daniel Rubin and Scott Frost of Howard & Howard Attorneys PLLC, hereby complain of Defendant JJMT Capital LLC, and allege as follows:

**DESCRIPTION OF THE PARTIES**

1.  Steven Aronson is an individual who lives in Newton, Massachusetts. Steven Aronson is citizen of the state of Massachusetts.

2.  Matthew Aronson is an individual who lives in Cambridge, Massachusetts. Matthew Aronson is citizen of the state of Massachusetts.

3.  Defendant JJMT Capital, LLC ("JJMT") is a Delaware limited liability company with its principal place of business in Chicago, Illinois.

4.  As of the filing date of this Complaint, JJMT is owned by three members: Joseph "Joe" DeAlteris ("DeAlteris"), Jacob Wunderlin ("Wunderlin"), and Matthew Schweinzger ("Schweinzger").

5.  DeAlteris, Wunderlin and Schweinzger live in Chicago, Illinois and are citizens of the state of Illinois.

**JURISDICTION AND VENUE**

6.  Jurisdiction in this Court is proper pursuant to 28 U.S.C. § 1332(a) because there is diversity of citizenship between the parties and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

7.   The written agreements out of which the causes of action arise were executed by JJMT in in Cook County, Illinois, and JJMT agreed to submit to the jurisdiction of this Court.

8.   Venue is proper in this Court pursuant to 28 U.S.C. § 1391(a) and pursuant to the forum selection clauses in the written agreements that are the subject of this litigation.

## GENERAL ALLEGATIONS

9.   Between 2016 and the end of 2019, Steven Aronson and Matthew Aronson (collectively the "Aronsons") loaned millions of dollars to JJMT through the issuance of Promissory Notes issued by JJMT and payable to either Steven Aronson and Matthew Aronson.

10. The following Promissory Notes were issued by JJMT payable to the Aronsons:

    a.   The "BTS-Matthew Aronson Note", a copy of which is attached to this Complaint and incorporated herein as "Exhibit 1."

    b.   The "BTS-Steven Aronson Note", a copy of which is attached to this Complaint and incorporated herein as "Exhibit 2."

    c.   The "Depraved-Matthew Aronson Note", a copy of which is attached to this Complaint and incorporated herein as "Exhibit 3."

    d.   The "Depraved-Steven Aronson Note", a copy of which is attached to this Complaint and incorporated herein as "Exhibit 4."

    e.   The "Christmas-Matthew Aronson Note", a copy of which is attached to this Complaint and incorporated herein as "Exhibit 5."

    f.   The "Christmas-Steven Aronson Note", a copy of which is attached to this Complaint and incorporated herein as "Exhibit 6."

    g.   The "Italy-Matthew Aronson Note", a copy of which is attached to this Complaint and incorporated herein as "Exhibit 7."

    h.   The "Italy-Steven Aronson Note", a copy of which is attached to this Complaint and incorporated herein as "Exhibit 8."

    i.   The "Heidi-Matthew Aronson Note", a copy of which is attached to this Complaint and incorporated herein as "Exhibit 9."

    j.   The "Heidi-Steven Aronson Note", a copy of which is attached to this Complaint and incorporated herein as "Exhibit 10."

    k.   The "Yuli-Steven Aronson Note", a copy of which is attached to this Complaint and incorporated herein as "Exhibit 11."

    l.   The "Allagah-Steven Aronson Note", a copy of which is attached to this Complaint and incorporated herein as "Exhibit 12."

    m.   The "Samson-Steven Aronson Note", a copy of which is attached to this Complaint and incorporated herein as "Exhibit 13."

    n.   The "Storm-Steven Aronson Note", a copy of which is attached to this Complaint and incorporated herein as "Exhibit 14."

    o. The "Stubby-Steven Aronson Note", a copy of which is attached to this Complaint and incorporated herein as "Exhibit 15."[1] (Collectively the Promissory Notes attached to this Complaint shall be referred herein as the "Notes").

11. The Aronsons believed that the money being loaned to JJMT was being used to finance and acquire various motion picture projects from various entertainment companies.

12. In consideration of JJMT's promises contained in the Notes, the Aronsons lent a total of $1,837,000.00 to JJMT.

## COUNT I – BREACH OF PROMISSORY NOTE
### (BTS-Matthew Aronson Note)

13. Matthew Aronson incorporates by this reference the allegations set forth above in Paragraphs 1 through 12.

14. The BTS-Matthew Aronson Note (Ex. 1) was executed by JJMT, is payable to Matthew Aronson and was delivered to Matthew Aronson by JJMT.

15. In consideration for the promises contained in the BTS-Matthew Aronson Note, Matthew Aronson lent the principal sum of $100,000.00 to JJMT.

16. Matthew Aronson has performed all of his obligations under the BTS-Matthew Aronson Note.

17. JJMT breached the terms of the BTS-Matthew Aronson Note by failing and refusing to pay the amounts due and owing under the BTS-Matthew Aronson Note by February 12, 2020, the maturity date of the BTS-Matthew Aronson Note.

18. As a direct and proximate result of JJMT's breach of the BTS-Matthew Aronson Note, Matthew Aronson has been damaged in the amount of at least $123,000.00, together with ongoing interest, penalties, attorney fees, and costs incurred until the date of judgment in this matter.

19. Pursuant to the terms of the BTS-Matthew Aronson Note, JJMT agreed to pay all reasonable attorneys' fees and costs, if an Event of Default occurred under the BTS-Matthew Aronson Note.

WHEREFORE, Matthew Aronson prays for judgment against JJMT Capital, LLC, in an amount no less than $123,000.00, plus ongoing fees and penalties accruing under the BTS-Matthew Aronson Note, plus reasonable attorneys' fees and costs expended to collect sums due

---

[1] In addition to the Promissory Notes referenced in this Complaint, JJMT issued other Promissory Notes to the Aronsons, which have been paid off.

under the BTS-Matthew Aronson Note, and any other relief this Court deems just and equitable or as allowed under Delaware law.

## COUNT II – BREACH OF PROMISSORY NOTE
### (BTS-Steven Aronson Note)

20. Steven Aronson incorporates by this reference the allegations set forth above in Paragraphs 1 through 12.

21. The BTS-Steven Aronson Note (Ex. 2) was executed by JJMT, is payable to Steven Aronson and was delivered to Steven Aronson by JJMT.

22. In consideration for the promises contained in the BTS-Steven Aronson Note, Steven Aronson lent the principal sum of $100,000.00 to JJMT.

23. Steven Aronson has performed all of his obligations under the BTS-Steven Aronson Note.

24. JJMT breached the terms of the BTS-Steven Aronson Note by failing and refusing to pay the amounts due and owing under the BTS-Steven Aronson Note by February 12, 2020, the maturity date of the BTS-Steven Aronson Note.

25. As a direct and proximate result of JJMT's breach of the BTS-Steven Aronson Note, Steven Aronson has been damaged in the amount of at least $123,000.00, together with ongoing interest, penalties, attorney fees, and costs incurred until the date of judgment in this matter.

26. Pursuant to the terms of the BTS-Steven Aronson Note, JJMT agreed to pay all reasonable attorneys' fees and costs, if an Event of Default occurred under the BTS-Steven Aronson Note.

WHEREFORE, Steven Aronson prays for judgment against JJMT Capital, LLC, in an amount no less than $123,000.00, plus ongoing fees and penalties accruing under the BTS-Steven Aronson Note, plus reasonable attorneys' fees and costs expended to collect sums due under the BTS-Steven Aronson Note, and any other relief this Court deems just and equitable or as allowed under Delaware law.

## COUNT III – BREACH OF PROMISSORY NOTE
### (Depraved-Matthew Aronson Note)

27. Matthew Aronson incorporates by this reference the allegations set forth above in Paragraphs 1 through 12.

28. The Depraved-Matthew Aronson Note (Ex. 3) was executed by JJMT, is payable to Matthew Aronson and was delivered to Matthew Aronson by JJMT.

29. In consideration for the promises contained in the Depraved-Matthew Aronson Note, Matthew Aronson lent the principal sum of $50,000.00 to JJMT.

30. Matthew Aronson has performed all of his obligations under the Depraved-Matthew Aronson Note.

31. JJMT breached the terms of the Depraved-Matthew Aronson Note by failing and refusing to pay the amounts due and owing under the Depraved-Matthew Aronson Note by January 10, 2020, the maturity date of the Depraved-Matthew Aronson Note.

32. As a direct and proximate result of JJMT's breach of the Depraved-Matthew Aronson Note, Matthew Aronson has been damaged in the amount of at least $57,167.00, together with ongoing interest, penalties, attorney fees, and costs incurred until the date of judgment in this matter.

33. Pursuant to the terms of the Depraved-Matthew Aronson Note, JJMT agreed to pay all reasonable attorneys' fees and costs, if an Event of Default occurred under the Depraved-Matthew Aronson Note.

WHEREFORE, Matthew Aronson prays for judgment against JJMT Capital, LLC, in an amount no less than $57,167.00, plus ongoing fees and penalties accruing under the Depraved-Matthew Aronson Note, plus reasonable attorneys' fees and costs expended to collect sums due under the Depraved-Matthew Aronson Note, and any other relief this Court deems just and equitable or as allowed under Delaware law.

## COUNT IV – BREACH OF PROMISSORY NOTE
(Depraved-Steven Aronson Note)

34. Steven Aronson incorporates by this reference the allegations set forth above in Paragraphs 1 through 12.

35. The Depraved-Steven Aronson Note (Ex. 4) was executed by JJMT, is payable to Steven Aronson and was delivered to Steven Aronson by JJMT.

36. In consideration for the promises contained in the Depraved-Steven Aronson Note, Steven Aronson lent the principal sum of $200,000.00 to JJMT.

37. Steven Aronson has performed all of his obligations under the Depraved-Steven Aronson Note.

38. JJMT breached the terms of the Depraved-Steven Aronson Note by failing and refusing to pay the amounts due and owing under the Depraved-Steven Aronson Note by January 10, 2020, the maturity date of the Depraved-Steven Aronson Note.

39. As a direct and proximate result of JJMT's breach of the Depraved-Steven Aronson Note, Steven Aronson has been damaged in the amount of at least $227,057.00, together with ongoing interest, penalties, attorney fees, and costs incurred until the date of judgment in this matter.

40. Pursuant to the terms of the Depraved-Steven Aronson Note, JJMT agreed to pay all reasonable attorneys' fees and costs, if an Event of Default occurred under the Depraved-Steven Aronson Note.

WHEREFORE, Steven Aronson prays for judgment against JJMT Capital, LLC, in an amount no less than $227,057.00, plus ongoing fees and penalties accruing under the Depraved-Steven Aronson Note, plus reasonable attorneys' fees and costs expended to collect sums due under the Depraved-Steven Aronson Note, and any other relief this Court deems just and equitable or as allowed under Delaware law.

### COUNT V – BREACH OF PROMISSORY NOTE
(Christmas-Matthew Aronson Note)

41. Matthew Aronson incorporates by this reference the allegations set forth above in Paragraphs 1 through 12.

42. The Christmas-Matthew Aronson Note (Ex. 5) was executed by JJMT, is payable to Matthew Aronson and was delivered to Matthew Aronson by JJMT.

43. In consideration for the promises contained in the Christmas-Matthew Aronson Note, Matthew Aronson lent the principal sum of $125,000.00 to JJMT.

44. Matthew Aronson has performed all of his obligations under the Christmas-Matthew Aronson Note.

45. JJMT breached the terms of the Christmas-Matthew Aronson Note by failing and refusing to pay the amounts due and owing under the Christmas-Matthew Aronson Note by May 5, 2020, the maturity date of the Christmas-Matthew Aronson Note.

46. As a direct and proximate result of JJMT's breach of the Christmas-Matthew Aronson Note, Matthew Aronson has been damaged in the amount of at least $139,200.00, together with ongoing interest, penalties, attorney fees, and costs incurred until the date of judgment in this matter.

47. Pursuant to the terms of the Christmas-Matthew Aronson Note, JJMT agreed to pay all reasonable attorneys' fees and costs, if an Event of Default occurred under the Christmas-Matthew Aronson Note.

WHEREFORE, Matthew Aronson prays for judgment against JJMT Capital, LLC, in an amount no less than $139,200.00, plus ongoing fees and penalties accruing under the Christmas-Matthew Aronson Note, plus reasonable attorneys' fees and costs expended to collect sums due under the Christmas-Matthew Aronson Note, and any other relief this Court deems just and equitable or as allowed under Delaware law.

### COUNT VI – BREACH OF PROMISSORY NOTE
(Christmas-Steven Aronson Note)

48. Steven Aronson incorporates by this reference the allegations set forth above in Paragraphs 1 through 12.

49. The Christmas-Steven Aronson Note (Ex. 6) was executed by JJMT, is payable to Steven Aronson and was delivered to Steven Aronson by JJMT.

50. In consideration for the promises contained in the Christmas-Steven Aronson Note, Steven Aronson lent the principal sum of $90,000.00 to JJMT.

51. Steven Aronson has performed all of his obligations under the Christmas-Steven Aronson Note.

52. JJMT breached the terms of the Christmas-Steven Aronson Note by failing and refusing to pay the amounts due and owing under the Christmas-Steven Aronson Note by May 5, 2020, the maturity date of the Christmas-Steven Aronson Note.

53. As a direct and proximate result of JJMT's breach of the Christmas-Steven Aronson Note, Steven Aronson has been damaged in the amount of at least $100,200.00, together with ongoing interest, penalties, attorney fees, and costs incurred until the date of judgment in this matter.

54. Pursuant to the terms of the Christmas-Steven Aronson Note, JJMT agreed to pay all reasonable attorneys' fees and costs, if an Event of Default occurred under the Christmas-Steven Aronson Note.

WHEREFORE, Steven Aronson prays for judgment against JJMT Capital, LLC, in an amount no less than $100,200.00, plus ongoing fees and penalties accruing under the Christmas-Steven Aronson Note, plus reasonable attorneys' fees and costs expended to collect sums due under the Christmas-Steven Aronson Note, and any other relief this Court deems just and equitable or as allowed under Delaware law.

### COUNT VII – BREACH OF PROMISSORY NOTE
(Italy-Matthew Aronson Note)

55. Matthew Aronson incorporates by this reference the allegations set forth above in Paragraphs 1 through 12.

56. The Italy-Matthew Aronson Note (Ex. 7) was executed by JJMT, is payable to Matthew Aronson and was delivered to Matthew Aronson by JJMT.

57. In consideration for the promises contained in the Italy-Matthew Aronson Note, Matthew Aronson lent the principal sum of $110,000.00 to JJMT.

58. Matthew Aronson has performed all of his obligations under the Italy-Matthew Aronson Note.

59. JJMT breached the terms of the Italy-Matthew Aronson Note by failing and refusing to pay the amounts due and owing under the Italy-Matthew Aronson Note by October 1, 2020, the maturity date of the Italy-Matthew Aronson Note.

60. As a direct and proximate result of JJMT's breach of the Italy-Matthew Aronson Note, Matthew Aronson has been damaged in the amount of at least $137,800.00, together with ongoing interest, penalties, attorney fees, and costs incurred until the date of judgment in this matter.

61. Pursuant to the terms of the Italy-Matthew Aronson Note, JJMT agreed to pay all reasonable attorneys' fees and costs, if an Event of Default occurred under the Italy-Matthew Aronson Note.

WHEREFORE, Matthew Aronson prays for judgment against JJMT Capital, LLC, in an amount no less than $137,800.00 plus ongoing fees and penalties accruing under the Italy-Matthew Aronson Note, plus reasonable attorneys' fees and costs expended to collect sums due under the Italy-Matthew Aronson Note, and any other relief this Court deems just and equitable or as allowed under Delaware law.

### COUNT VIII – BREACH OF PROMISSORY NOTE
(Italy-Steven Aronson Note)

62. Steven Aronson incorporates by this reference the allegations set forth above in Paragraphs 1 through 12.

63. The Italy-Steven Aronson Note (Ex. 8) was executed by JJMT, is payable to Steven Aronson and was delivered to Steven Aronson by JJMT.

64. In consideration for the promises contained in the Italy-Steven Aronson Note, Steven Aronson lent the principal sum of $110,000.00 to JJMT.

65. Steven Aronson has performed all of his obligations under the Italy-Steven Aronson Note.

66. JJMT breached the terms of the Italy-Steven Aronson Note by failing and refusing to pay the amounts due and owing under the Italy-Steven Aronson Note by October 1, 2020, the maturity date of the Italy-Steven Aronson Note.

67. As a direct and proximate result of JJMT's breach of the Italy-Steven Aronson Note, Steven Aronson has been damaged in the amount of at least $137,800.00, together with ongoing interest, penalties, attorney fees, and costs incurred until the date of judgment in this matter.

68. Pursuant to the terms of the Italy-Steven Aronson Note, JJMT agreed to pay all reasonable attorneys' fees and costs, if an Event of Default occurred under the Italy-Steven Aronson Note.

WHEREFORE, Steven Aronson prays for judgment against JJMT Capital, LLC, in an amount no less than $137,800.00 plus ongoing fees and penalties accruing under the Italy-Steven Aronson Note, plus reasonable attorneys' fees and costs expended to collect sums due under the Italy-Steven Aronson Note, and any other relief this Court deems just and equitable or as allowed under Delaware law.

## COUNT IX – BREACH OF PROMISSORY NOTE
### (Heidi-Matthew Aronson Note)

69. Matthew Aronson incorporates by this reference the allegations set forth above in Paragraphs 1 through 12.

70. The Heidi-Matthew Aronson Note (Ex. 9) was executed by JJMT, is payable to Matthew Aronson and was delivered to Matthew Aronson by JJMT.

71. In consideration for the promises contained in the Heidi-Matthew Aronson Note, Matthew Aronson lent the principal sum of $112,000.00 to JJMT.

72. Matthew Aronson has performed all of his obligations under the Heidi-Matthew Aronson Note.

73. JJMT breached the terms of the Heidi-Matthew Aronson Note by failing and refusing to pay the amounts due and owing under the Heidi-Matthew Aronson Note by June 9, 2020, the maturity date of the Heidi-Matthew Aronson Note.

74. As a direct and proximate result of JJMT's breach of the Heidi-Matthew Aronson Note, Matthew Aronson has been damaged in the amount of at least $125,000.00, together with ongoing interest, penalties, attorney fees, and costs incurred until the date of judgment in this matter.

75. Pursuant to the terms of the Heidi-Matthew Aronson Note, JJMT agreed to pay all reasonable attorneys' fees and costs, if an Event of Default occurred under the Heidi-Matthew Aronson Note.

WHEREFORE, Matthew Aronson prays for judgment against JJMT Capital, LLC, in an amount no less than $125,000.00 plus ongoing fees and penalties accruing under the Heidi-Matthew Aronson Note, plus reasonable attorneys' fees and costs expended to collect sums due under the Heidi-Matthew Aronson Note, and any other relief this Court deems just and equitable or as allowed under Delaware law.

## COUNT X – BREACH OF PROMISSORY NOTE
### (Heidi-Steven Aronson Note)

76. Steven Aronson incorporates by this reference the allegations set forth above in Paragraphs 1 through 12.

77. The Heidi-Steven Aronson Note (Ex. 10) was executed by JJMT, is payable to Steven Aronson and was delivered to Steven Aronson by JJMT.

78. In consideration for the promises contained in the Heidi-Steven Aronson Note, Steven Aronson lent the principal sum of $280,000.00 to JJMT.

79. Steven Aronson has performed all of his obligations under the Heidi-Steven Aronson Note.

80. JJMT breached the terms of the Heidi-Steven Aronson Note by failing and refusing to pay the amounts due and owing under the Heidi-Steven Aronson Note by June 9, 2020, the maturity date of the Heidi-Steven Aronson Note.

81. As a direct and proximate result of JJMT's breach of the Heidi-Steven Aronson Note, Steven Aronson has been damaged in the amount of at least $313,000.00, together with ongoing interest, penalties, attorney fees, and costs incurred until the date of judgment in this matter.

82. Pursuant to the terms of the Heidi-Steven Aronson Note, JJMT agreed to pay all reasonable attorneys' fees and costs, if an Event of Default occurred under the Heidi-Steven Aronson Note.

WHEREFORE, Steven Aronson prays for judgment against JJMT Capital, LLC, in an amount no less than $313,000.00 plus ongoing fees and penalties accruing under the Heidi-Steven Aronson Note, plus reasonable attorneys' fees and costs expended to collect sums due under the Heidi-Steven Aronson Note, and any other relief this Court deems just and equitable or as allowed under Delaware law.

## COUNT XI – BREACH OF PROMISSORY NOTE
(Yuli-Steven Aronson Note)

83. Steven Aronson incorporates by this reference the allegations set forth above in Paragraphs 1 through 12.

84. The Yuli-Steven Aronson Note (Ex. 11) was executed by JJMT, is payable to Steven Aronson and was delivered to Steven Aronson by JJMT.

85. In consideration for the promises contained in the Yuli-Steven Aronson Note, Steven Aronson lent the principal sum of $65,000.00 to JJMT.

86. Steven Aronson has performed all of his obligations under the Yuli-Steven Aronson Note.

87. JJMT breached the terms of the Yuli-Steven Aronson Note by failing and refusing to pay the amounts due and owing under the Yuli-Steven Aronson Note by February 28, 2020, the maturity date of the Yuli-Steven Aronson Note.

88. As a direct and proximate result of JJMT's breach of the Yuli-Steven Aronson Note, Steven Aronson has been damaged in the amount of at least $80,750.00, together with ongoing interest, penalties, attorney fees, and costs incurred until the date of judgment in this matter.

89. Pursuant to the terms of the Yuli-Steven Aronson Note, JJMT agreed to pay all reasonable attorneys' fees and costs, if an Event of Default occurred under the Yuli-Steven Aronson Note.

WHEREFORE, Steven Aronson prays for judgment against JJMT Capital, LLC, in an amount no less than $80,750.00 plus ongoing fees and penalties accruing under the Yuli-Steven Aronson Note, plus reasonable attorneys' fees and costs expended to collect sums due under the Yuli-Steven Aronson Note, and any other relief this Court deems just and equitable or as allowed under Delaware law.

## COUNT XII – BREACH OF PROMISSORY NOTE
### (Allagah-Steven Aronson Note)

90. Steven Aronson incorporates by this reference the allegations set forth above in Paragraphs 1 through 12.

91. The Allagah-Steven Aronson Note (Ex. 12) was executed by JJMT, is payable to Steven Aronson and was delivered to Steven Aronson by JJMT.

92. In consideration for the promises contained in the Allagah-Steven Aronson Note, Steven Aronson lent the principal sum of $35,000.00 to JJMT.

93. Steven Aronson has performed all of his obligations under the Allagah-Steven Aronson Note.

94. JJMT breached the terms of the Allagah-Steven Aronson Note by failing and refusing to pay the amounts due and owing under the Allagah-Steven Aronson Note by May 7, 2020, the maturity date of the Allagah-Steven Aronson Note.

95. As a direct and proximate result of JJMT's breach of the Allagah-Steven Aronson Note, Steven Aronson has been damaged in the amount of at least $39,000.00, together with ongoing interest, penalties, attorney fees, and costs incurred until the date of judgment in this matter.

96. Pursuant to the terms of the Allagah-Steven Aronson Note, JJMT agreed to pay all reasonable attorneys' fees and costs, if an Event of Default occurred under the Allagah-Steven Aronson Note.

WHEREFORE, Steven Aronson prays for judgment against JJMT Capital, LLC, in an amount no less than $39,000.00 plus ongoing fees and penalties accruing under the Allagah-Steven Aronson Note, plus reasonable attorneys' fees and costs expended to collect sums due under the Allagah-Steven Aronson Note, and any other relief this Court deems just and equitable or as allowed under Delaware law.

## COUNT XIII – BREACH OF PROMISSORY NOTE
(Samson-Steven Aronson Note)

97. Steven Aronson incorporates by this reference the allegations set forth above in Paragraphs 1 through 12.

98. The Samson-Steven Aronson Note (Ex. 13) was executed by JJMT, is payable to Steven Aronson and was delivered to Steven Aronson by JJMT.

99. In consideration for the promises contained in the Samson-Steven Aronson Note, Steven Aronson lent the principal sum of $300,000.00 to JJMT.

100.    Steven Aronson has performed all of his obligations under the Samson-Steven Aronson Note.

101.    JJMT breached the terms of the Samson-Steven Aronson Note by failing and refusing to pay the amounts due and owing under the Samson-Steven Aronson Note by August 31, 2020, the maturity date of the Samson-Steven Aronson Note.

102.    As a direct and proximate result of JJMT's breach of the Samson-Steven Aronson Note, Steven Aronson has been damaged in the amount of at least $375,000.00, together with ongoing interest, penalties, attorney fees, and costs incurred until the date of judgment in this matter.

103.    Pursuant to the terms of the Samson-Steven Aronson Note, JJMT agreed to pay all reasonable attorneys' fees and costs, if an Event of Default occurred under the Samson-Steven Aronson Note.

WHEREFORE, Steven Aronson prays for judgment against JJMT Capital, LLC, in an amount no less than $375,000.00 plus ongoing fees and penalties accruing under the Samson-Steven Aronson Note, plus reasonable attorneys' fees and costs expended to collect sums due under the Samson-Steven Aronson Note, and any other relief this Court deems just and equitable or as allowed under Delaware law.

## COUNT XIV – BREACH OF PROMISSORY NOTE
(Storm-Steven Aronson Note)

104.    Steven Aronson incorporates by this reference the allegations set forth above in Paragraphs 1 through 12.

105.    The Storm-Steven Aronson Note (Ex. 14) was executed by JJMT, is payable to Steven Aronson and was delivered to Steven Aronson by JJMT.

106.    In consideration for the promises contained in the Storm-Steven Aronson Note, Steven Aronson lent the principal sum of $125,000.00 to JJMT.

107.     Steven Aronson has performed all of his obligations under the Storm-Steven Aronson Note.

108.     JJMT breached the terms of the Storm-Steven Aronson Note by failing and refusing to pay the amounts due and owing under the Storm-Steven Aronson Note by September 15, 2020, the maturity date of the Storm-Steven Aronson Note.

109.     As a direct and proximate result of JJMT's breach of the Storm-Steven Aronson Note, Steven Aronson has been damaged in the amount of at least $155,000.00, together with ongoing interest, penalties, attorney fees, and costs incurred until the date of judgment in this matter.

110.     Pursuant to the terms of the Storm-Steven Aronson Note, JJMT agreed to pay all reasonable attorneys' fees and costs, if an Event of Default occurred under the Storm-Steven Aronson Note.

WHEREFORE, Steven Aronson prays for judgment against JJMT Capital, LLC, in an amount no less than $155,000.00 plus ongoing fees and penalties accruing under the Storm-Steven Aronson Note, plus reasonable attorneys' fees and costs expended to collect sums due under the Storm-Steven Aronson Note, and any other relief this Court deems just and equitable or as allowed under Delaware law.

### COUNT XV – BREACH OF PROMISSORY NOTE
(Stubby-Steven Aronson Note)

111.     Steven Aronson incorporates by this reference the allegations set forth above in Paragraphs 1 through 12.

112.     The Stubby-Steven Aronson Note (Ex. 15) was executed by JJMT, is payable to Steven Aronson and was delivered to Steven Aronson by JJMT.

113.     In consideration for the promises contained in the Stubby-Steven Aronson Note, Steven Aronson lent the principal sum of $35,000.00 to JJMT.

114.     Steven Aronson has performed all of his obligations under the Stubby-Steven Aronson Note.

115.     JJMT breached the terms of the Stubby-Steven Aronson Note by failing and refusing to pay the amounts due and owing under the Stubby-Steven Aronson Note by June 29, 2020, the maturity date of the Stubby-Steven Aronson Note.

116.     As a direct and proximate result of JJMT's breach of the Stubby-Steven Aronson Note, Steven Aronson has been damaged in the amount of at least $43,700.00, together with ongoing interest, penalties, attorney fees, and costs incurred until the date of judgment in this matter.

117.     Pursuant to the terms of the Stubby-Steven Aronson Note, JJMT agreed to pay all reasonable attorneys' fees and costs, if an Event of Default occurred under the Stubby-Steven Aronson Note.

WHEREFORE, Steven Aronson prays for judgment against JJMT Capital, LLC, in an amount no less than $43,700.00 plus ongoing fees and penalties accruing under the Stubby-Steven Aronson Note, plus reasonable attorneys' fees and costs expended to collect sums due under the Stubby-Steven Aronson Note, and any other relief this Court deems just and equitable or as allowed under Delaware law.

Respectfully Submitted,

MATTHEW ARONSON AND STEVEN ARONSON

s/Daniel Rubin
By One of Its Attorneys

Daniel S. Rubin ARDC #6293669
Scott Frost ARDC #6208276
Howard & Howard Attorneys PLLC
200 S. Michigan Avenue, Suite 1100
Chicago, Illinois 60604
Phone: (312) 372-4000
Fax:     (312) 939-5617
sfrost@howardandhoward.com
drubin@howardandhoward.com