**PROMISSORY NOTE**

**$112,000.00**                                                                                                                   12/05/2019

This Promissory Note (the "Note") is made by JJMT Capital LLC, a Delaware limited liability company ("JJMT"), and is payable to Matthew Aronson (the "Investor"). Proceeds of the Note shall be used by JJMT for the purpose of engaging in financing the acquisition of distribution rights related to the motion picture(s) entitled "Villain", "Heidi: Queen of the Mountain", "VFW", and "Disturbing the Peace".

1. **Agreement to Pay.** For value received, JJMT promises to pay to the order of the Investor the principal sum of One Hundred Twelve Thousand Dollars and Zero Cents ($112,000.00) plus interest due thereon of Thirteen Thousand Dollars and Zero Cents ($13,000.00) (the "Interest") for an aggregate amount of One Hundred Twenty Five Thousand Dollars and Zero Cents ($125,000.00) in accordance with the terms of this Note. The outstanding principal amount owed under this Note together with all accrued but unpaid interest, shall be due and payable by JJMT to the Investor in one balloon payment on or before June 09, 2020 (the "Maturity Date"). JJMT shall have no obligation to make any payments on this Note prior to the Maturity Date.

2. **Prepayment.** JJMT shall have the right at any time and from time to time to prepay this Note in whole or in part without premium or penalty. All payments shall first be applied against accrued interest and the balance shall be applied against the principal.

3. **Unsecured.** This Note is unsecured.

4. **Default.** The occurrence of any one or more of the following shall constitute an event of default (an "Event of Default") under this Note:

    A. **Monetary.** JJMT's failure to pay any sums payable under this Note within five (5) business days of the Maturity Date;

    B. **Performance of Obligation.** JJMT's failure to perform any material obligation, covenant or condition under the Note unless waived in writing by the Investor;

    C. **Bankruptcy; Insolvency; Dissolution.** (i) The filing by JJMT of a petition for relief under any other present or future governmental law regarding bankruptcy, reorganization or other debtor relief law applicable to JJMT; (ii) the filing against JJMT of an involuntary proceeding under any governmental law regarding bankruptcy, reorganization or other debtor relief law applicable to JJMT and the failure of JJMT to effect a full dismissal of such proceeding within 90 days after the date of filing such proceeding; (iii) a general assignment by JJMT for the benefit of creditors; or (iv) JJMT applying for, or the appointment of, a receiver, trustee, custodian or liquidator of JJMT or any of its property.

5. **Remedies.** If an Event of Default has occurred and is continuing (subject to any applicable cure period), the Investor shall have the option, upon written notice to JJMT, to declare the unpaid principal amount of this Note, together with all accrued but unpaid interest, at once due and payable to the extent permitted by law and to exercise any rights and remedies available at law or in equity. Upon the occurrence of an Event of Default, the remedies of the Investor, as provided herein shall

Exhibit 9

be cumulative and concurrent, and may be pursued singularly, successively or together, at the sole discretion of the Investor, and may be exercised as often as occasion therefor shall arise. No delay or act of omission or commission on part of the Investor, including specifically any failure to exercise any right, remedy or recourse, shall operate as a waiver or release of any such right, such waiver or release to be effected only through a written document executed by the Investor and then only to the extent specifically set forth in such written waiver. A waiver or release with reference to any one event shall not be construed as continuing, as a bar to, or as a waiver or release of, any subsequent right, remedy or recourse as to a subsequent event.

**6. Costs and Attorneys' Fees.** If any Event of Default under this Note shall occur, JJMT promises to pay all reasonable costs of collection, including but not limited to all attorneys' fees, court costs, and expenses incurred by the Investor in connection with such collection whether or not any lawsuit is filed with respect thereto.

**7. Waiver.** JJMT waives grace, protest, demand, presentment for payment and diligence in the collection of this Note, and in the filing of suit hereon, and agrees that its liability and the liability of its successors and assigns for the payment hereof shall not be affected or impaired by any release or change in the security, if any, or by any increase, modification, renewal or extension of the indebtedness or its mode and time of payment.

**8. Miscellaneous.** The headings of the paragraphs of this Note are inserted for convenience only and shall not be deemed to constitute a part hereof.

A. All payments under this Note shall be payable in lawful money of the United States which shall be legal tender for public and private debts at the time of payment; provided that a check will be deemed sufficient payment so long as it clears when presented for payment.

B. The obligations and liabilities of JJMT under this Note shall be binding upon and enforceable against JJMT and its successors and assigns. This Note shall inure to the benefit of and may be enforced by the Investor and its successors and legal heirs and personal representatives. Notwithstanding anything to the contrary in this Note, the Investor may not assign or otherwise transfer this Note, or any of its rights in this Note, without the express prior written consent of JJMT, which consent may be held in the sole discretion of JJMT. The issuance of this Note has not been registered under any federal and state securities laws, and as a result, its subsequent transfer is restricted pursuant to the provisions of applicable federal and state securities laws.

C. If any provision of this Note or any payments pursuant to the terms hereof shall be invalid or unenforceable to any extent, the remainder of this Note and any other payments hereunder shall not be affected thereby and shall be enforceable to the extent permitted by law.

D. Time is of the essence with respect to the repayment of this Note and of each and every provision hereof.

E. This Note and each provision hereof may be modified, amended, changed, altered, waived, terminated or discharged only by a written instrument signed by the party sought to be bound by such modification, amendment, change, alteration, waiver, termination or discharge.

**9. Governing Law.** This Note shall be governed by, and construed in accordance with, the laws of the State of Delaware.

**10.** **Extensions Granted by the Investor**. All endorsers hereunder agree that the holder of this Note in case of non-payment thereof at maturity, or of any installment thereof when due, may grant to JJMT any extension or extensions of time of payment thereof, in whole or in part.

**11.** **WAIVER OF RIGHT TO TRIAL BY JURY.** BY ACCEPTING THIS NOTE, THE INVESTOR HEREBY EXPRESSLY WAIVES ANY RIGHT TO TRIAL BY JURY OF ANY CLAIM, DEMAND, ACTION OR CAUSE OF ACTION (a) ARISING UNDER THIS NOTE, INCLUDING, WITHOUT LIMITATION, ANY PRESENT OR FUTURE MODIFICATION HEREOF OR THEREOF OR (b) IN ANY WAY CONNECTED WITH OR RELATED OR INCIDENTAL TO THE DEALINGS OF JJMT AND THE INVESTOR OR EITHER OF THEM WITH RESPECT TO THIS NOTE (AS NOW OR HEREAFTER MODIFIED) OR ANY OTHER INSTRUMENT, DOCUMENT OR AGREEMENT EXECUTED OR DELIVERED IN CONNECTION HEREWITH, OR THE TRANSACTIONS RELATED HERETO OR THERETO, IN EACH CASE WHETHER SUCH CLAIM, DEMAND, ACTION OR CAUSE OF ACTION IS NOW EXISTING OR HEREAFTER ARISING, AND WHETHER SOUNDING IN CONTRACT OR TORT OR OTHERWISE; AND THE INVESTOR HEREBY AGREES AND CONSENTS THAT JJMT MAY FILE AN ORIGINAL COUNTERPART OR A COPY OF THIS SECTION WITH ANY COURT AS WRITTEN EVIDENCE OF THE CONSENT OF THE INVESTOR TO THE WAIVER OF ANY RIGHT THE INVESTOR MIGHT OTHERWISE HAVE TO TRIAL BY JURY.

**12.** **JURISDICTION AND VENUE.** BY ACCEPTING THIS NOTE, THE INVESTOR HEREBY AGREES THAT ALL ACTIONS OR PROCEEDINGS INTIATED BY THE INVESTOR AND ARISING DIRECTLY OR INDIRECTLY OUT OF THIS NOTE SHALL BE LITIGATED IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS, OR THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS. BY ACCEPTING THIS NOTE, THE INVESTOR HEREBY EXPRESSLY SUBMITS AND CONSENTS IN ADVANCE TO SUCH JURISDICTION IN ANY ACTION OR PROCEEDING COMMENCED BY JJMT IN ANY OF SUCH COURTS, AND HEREBY WAIVES PERSONAL SERVICE OF THE SUMMONS AND COMPLAINT, OR OTHER PROCESS OR PAPERS ISSUED THEREIN, AND AGREES THAT SERVICE OF SUCH SUMMONS AND COMPLAINT OR OTHER PROCESS OR PAPERS MAY BE MADE BY REGISTERED OR CERTIFIED MAIL ADDRESSED TO SUCH PARTY AT THE ADDRESS TO WHICH NOTICES ARE TO BE SENT AS DIRECTED IN WRITING BY THE OTHER PARTY.

**[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK;**

**SIGNATURE PAGE FOLLOWS]**

IN WITNESS WHEREOF, the parties hereto have executed and delivered this Promissory Note as of the day and year first above written.

**JJMT:**

By:_____
Name: Joseph deAlteris
Title: Officer of JJMT Management, as Manager of JJMT Capital

By:_____
Name: Matthew Schweinzger
Title: Officer of JJMT Management, as Manager of JJMT Capital

By:_____
Name: Jacob Wunderlin
Title: Officer of JJMT Management, as Manager of JJMT Capital