# EXHIBIT 2

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| STEVEN ARONSON, MATTHEW ARONSON, | |
| Plaintiffs, | |
| v. | Case No. 21-CV-01867 |
| JJMT CAPITAL LLC, a Delaware limited liability company, JACOB WUNDERLIN, MATTHEW SCHWEINZGER, JOSEPH DEALTERIS, TYLER CROOKSTON, | Hon. Franklin U. Valderrama |
| Defendants. | |

**TYLER CROOKSTON'S RESPONSES TO PLAINTIFFS'
FIRST REQUEST FOR THE PRODUCTION OF DOCUMENTS**

Defendant Tyler Crookston ("Tyler"), by and through his attorneys, and pursuant to Federal Rules of Civil Procedure 26 and 34, objects and responds to Plaintiffs' First Request for the Production of Documents ("Requests") as follows:

**GENERAL OBJECTIONS**

The following General Objections are incorporated into Tyler's response to each Request.

1.      Tyler objects to the Requests as overly broad and unduly burdensome to the extent they purport to impose obligations greater than those required by the Federal Rules of Civil Procedure and any order given by the Court.

2.      Tyler objects to the Requests because Plaintiffs issued a total of 138 Requests to Tyler, a number that on its own is unduly burdensome but, additionally, the vast majority of the Requests are duplicative of the requests Plaintiffs served on the other defendants in this case (specifically, 109 requests to JJMT, 141 requests to Jacob Wunderlin, 160 requests to Matthew

Schweinzger and 141 requests to Joseph deAlteris), making the duplicative and voluminous Requests unquestionably overly burdensome and not proportional to the needs of this case.

3. Tyler objects to the Requests as overly broad and unduly burdensome to the extent they seek the production of documents that are not in Tyler's possession, custody, or control, such as Requests seeking business records and communications of JJMT, the Partner Entities and/or other Individual Defendants.

4. Tyler objects to the Requests to the extent they purport to require the production of documents protected, in whole or in part, from disclosure by the attorney-client privilege, the work-product doctrine, or any other applicable privilege, immunity, rule, or law (collectively, "Privileged Information"). Tyler will not produce Privileged Information in response to any request, and the inadvertent disclosure of any Privileged Information should not be construed to constitute a waiver of any relevant privilege or immunity. Tyler specifically reserves the right to demand the return of any inadvertently produced Privileged Information.

5. Tyler objects to the Requests to the extent they call for the production of documents that are neither relevant to the subject matter of this proceeding nor reasonably calculated to lead to the discovery of admissible evidence ("Non-Relevant Information"). Tyler's objections, production and/or agreement to produce responsive documents, if any exist, shall not be construed as an admission as to admissibility or relevance. Tyler reserves all relevance objections.

6. Tyler objects to the Requests to the extent they seek documents in Plaintiffs' possession, as easily available to Plaintiffs as to Tyler, or obtainable from some other source or in some other manner that is more convenient, less burdensome, and less expensive. Any production and/or agreement to produce responsive documents, if any exist, shall be understood to include

2

and relate to only those documents, if any, within Tyler's possession, custody, or control, and that Tyler can identify through a reasonable search.

7.      Tyler objects to Definition No. L, which defines "JJMT" to include any of JJMT Capital, LLC's "present or former officers, employees, agents, representatives, attorneys, and all other persons acting or purporting to act on its behalf," as vague, confusing, and overly broad because each of JJMT's present and former individual managing members, including Tyler, are also individual defendants in this case.  Tyler further objects that this definition renders many of the 138 Requests unreasonably duplicative and, as a result, not proportional to the needs of this case and unduly burdensome on Tyler to respond.

8.      Tyler objects to Definition No. M, "Partner Entities," as overly broad because it encompasses distinct corporate entities and persons not parties to this case and unrelated to the claims or defenses of any party. Tyler further objects to Definition No. M as vague and ambiguous to the extent it purports to require Tyler to identify non-party entities that may be owned or controlled by the other Defendants in this case.

9.      Tyler's responses to the Requests are based on present knowledge, information, and belief, and his agreement to produce documents in response to any Request is not intended to imply that responsive documents exist.  Rather, such agreement means only that Tyler will conduct a reasonable search of documents in his possession, custody and control and, subject to the General Objections and any specific objections, produce responsive documents to the extent any are located.

10.     Tyler specifically reserves the right to make any use of, or introduce at any hearing or trial, information or documents responsive to any Request but discovered and produced in an

3

amended and/or supplemental production. Tyler reserves the right to amend and/or supplement

these Objections and Responses.

11.     Tyler's production and/or agreement to produce documents is subject to any and all

Orders, including Protective Orders, that have been, or may be, entered by the Court.

## RESPONSES TO REQUESTS

1.     Produce all documents related to the corporate formation of JJMT.

**RESPONSE:**   Tyler has no documents responsive to this Request.

2.     Produce all communications between You and any of the Individual Defendants –
either individually or collectively – regarding the corporate formation of JJMT.

**RESPONSE:**   Tyler will conduct a reasonable search of documents in his possession, custody

and control and, subject to the General Objections, produce responsive documents to the extent

any are located.

3.     Produce all communications between You and JJMT regarding the corporate
formation of JJMT.

**RESPONSE:**   Tyler objects to this Request as vague and ambiguous.  Tyler further objects to

this Request as duplicative of Request No. 2.

Subject to and without waiving the foregoing objection and the General Objections, Tyler

will produce responsive documents as stated in response to Request No. 2.

4.     Produce all documents related to Your personal investments into JJMT.

**RESPONSE:**   Tyler objects to this Request as overly broad, unduly burdensome and not

proportional to the needs of this case because it seeks Non-Relevant Information.  This matter

concerns Plaintiffs' purchase of JJMT promissory notes in 2019, after Tyler resigned from JJMT,

and Tyler's personal investments are not relevant to the claims or defenses of any party.

4

Subject to these objections and the General Objections, no documents will be produced in response to this Request.

5.      Produce all communications between You and any of the Individual Defendants – either individually or collectively – related to Your personal investments into JJMT.

**RESPONSE:**  Tyler objects to this Request as overly broad, unduly burdensome and not proportional to the needs of this case because it seeks Non-Relevant Information.  This matter concerns Plaintiffs' purchase of JJMT promissory notes after Tyler resigned from JJMT, and Tyler's personal investments have no bearing on the claims or defenses of any party.  Tyler further objects to this Request as duplicative of Request No. 4.

Subject to these objections and the General Objections, no documents will be produced in response to this Request.

6.      Produce all documents related to Your membership or ownership interest with JJMT.

**RESPONSE:**   Tyler objects to this Request as duplicative of Plaintiffs' requests to JJMT.  Tyler further objects to this Request as seeking production of documents and information in the possession and control of JJMT.  Tyler objects to this Request to the extent it seeks confidential and/or  Privileged Information.

Tyler will conduct a reasonable search of documents in his possession, custody and control and, subject to the General Objections, will produce non-privileged, responsive documents to the extent any are located.

7.      Produce all communications between You and any of the Individual Defendants – either individually or collectively – related to Your membership or ownership interest with JJMT.

**RESPONSE:**   Tyler objects this Request as duplicative of Request No. 6.

5

Subject to and without waiving the foregoing objection and the General Objections, Tyler will produce responsive documents as stated in response to Request No. 6.

8.      Produce all membership agreements, ownership agreements, shareholder agreements, or operating agreements related to JJMT.

**RESPONSE:**  Tyler has no documents responsive to this Request other than any documents produced in response to Request No. 6.

9.      Produce all communications between You and any of the Individual Defendants – either individually or collectively – related to all membership agreements, ownership agreements, shareholder agreements, or operating agreements related to JJMT.

**RESPONSE:**   Tyler has no documents responsive to this Request other than any documents produced in response to Request No. 6.

10.      Produce all contracts, promissory notes, and other agreements that You executed with JJMT.

**RESPONSE:**   Tyler objects to this Request as seeking production of documents and information in the possession and control of JJMT.  Tyler objects to this Request as vague and ambiguous. Tyler further objects to the Request as seeking Non-Relevant Information.  Finally, Tyler objects to this Request as duplicative, in part, of Request No. 6.

Subject to and without waiving the foregoing objection and the General Objections, Tyler will produce responsive documents as stated in response to Request No. 6.

11.      Produce all communications regarding any and all contracts, promissory notes, and other agreements that You executed with JJMT.

**RESPONSE:**   Tyler objects to this Request as seeking production of documents and information in the possession and control of JJMT.  Tyler objects to this Request as vague and ambiguous. Tyler further objects to the Request as seeking Non-Relevant Information.  Tyler further objects

6

to this Request to the extent it seeks Privileged Information. Finally, Tyler objects to this Request as duplicative, in part, of Request No. 6.

Subject to and without waiving the foregoing objection and the General Objections, Tyler will produce responsive documents as stated in response to Request No. 6.

12. Produce all documents related to the corporate accounts and/or corporate ledgers of JJMT, which documents include, but are not limited to, any documents related to JJMT's profits, losses, loans, expenses, dividends, stock ownership, accounts receivables, salaries, and similar documents.

**RESPONSE:** Tyler has no documents responsive to this Request.

13. Produce all communications between You and any of the Individual Defendants – either individually or collectively – related to the corporate accounts and/or corporate ledgers of JJMT.

**RESPONSE:** Tyler has no documents responsive to this Request.

14. Produce all documents related to any compensation or payments that You received from JJMT.

**RESPONSE:** Tyler objects to this Request as overly broad and unduly burdensome and not proportional to the needs of this case because it seeks Non-Relevant Information. This matter concerns Plaintiffs' purchase of JJMT promissory notes in 2019, after Tyler resigned from JJMT. Tyler's compensation, or any payments to Tyler, prior to that time is not relevant to the claims or defenses of any party. Tyler further objects to this Request to the extent it seeks Privileged Information.

Subject to these objections and the General Objections, no documents will be produced in response to this Request.

15. Produce all communications between You and any of the Individual Defendants – either individually or collectively – related to any and all compensation or payments You received from JJMT.

7

**RESPONSE:**   Tyler objects to this Request as duplicative of Request No. 15.

Subject to the objections stated in response to Request No. 15 and the General Objections,

no documents will be produced in response to this Request.

16.   Produce all documents related to bank statements of JJMT, which includes, but is not limited to, any documents reflecting where money from JJMT was deposited.

**RESPONSE:**   Tyler has no documents responsive to this Request.

17.   Produce all communications between You and any of the Individual Defendants – either individually or collectively – related to the bank statements of JJMT.

**RESPONSE:**   Tyler has no documents responsive to this Request.

18.   Produce all documents related to the use of funds that JJMT received from any individual, entity, or investor in connection with any Projects.

**RESPONSE:**   Tyler has no documents responsive to this Request.

19.   Produce all communications between You and any of the Individual Defendants – either individually or collectively – related to the use of funds that JJMT received from any individual, entity, or investor in connection with any Projects.

**RESPONSE:**   Tyler has no documents responsive to this Request.

20.   Produce all documents related to the financial records of JJMT.

**RESPONSE:**   Tyler has no documents responsive to this Request other than any documents that

may also be responsive to Request No. 14 and which, subject to the objections stated in response

to Request No. 14, will not be produced.

21.   Produce all communications between You and any of the Individual Defendants – either individually or collectively – related to the financial records of JJMT.

**RESPONSE:**   Tyler has no documents responsive to this Request other than any documents that

may also be responsive to Request No. 14 and which, subject to the objections stated in response

to Request No. 14, will not be produced.

4870-8141-4410.1

22.     Produce all documents related to the use of funds that You invested in JJMT in connection with any Projects.

**RESPONSE:**    Tyler has no documents responsive to this Request.

23.     Produce all communications between You and any of the Individual Defendants – either individually or collectively – related to the use of funds that You invested in JJMT in connection with any Projects.

**RESPONSE:**    Tyler has no documents responsive to this Request.

24.     Produce all tax records and tax documents that You received from JJMT in connection with Your ownership and/or membership interest in JJMT.

**RESPONSE:**    Tyler objects to this Request as overly broad and unduly burdensome and not proportional to the needs of this case because it seeks Non-Relevant Information.  This matter concerns Plaintiffs' purchase of JJMT promissory notes in 2019, after Tyler resigned from JJMT. Tyler's tax records in connection with his interest in JJMT prior to that time are not relevant to the claims or defenses of any party.

Subject to these objections and the General Objections, no documents will be produced in response to this Request.

25.     Produce all documents related to the corporate formation of the Partner Entities, which includes, but is not limited to, any and all companies owned, controlled, or formed by any of the Individual Defendants.

**RESPONSE:**    Tyler has no documents responsive to this Request.

26.     Produce all communications between You and any of the Individual Defendants – either individually or collectively – related to the corporate formation of the Partner Entities.

**RESPONSE:**    Tyler has no documents responsive to this Request.

27.     Produce all documents related to Your personal investments into any of the Partner Entities.

**RESPONSE:** Tyler objects to this Request as overly broad, unduly burdensome and not proportional to the needs of this case because it seeks Non-Relevant Information. This matter concerns Plaintiffs' purchase of JJMT promissory notes in 2019, and Tyler's personal investments in any other entity prior to that time are not relevant to the claims or defenses of any party in this case. Tyler further objects to this Request as seeking the production of documents and confidential financial information in the possession and control of third parties.

Subject to this objection and the General Objections, no documents will be produced in response to this Request.

28.     Produce all communications between You and any of the Individual Defendants – either individually or collectively – related to Your personal investments into any of the Partner Entities.

**RESPONSE:**   Tyler objects to this Request as duplicative of Request No. 27.

Tyler has no documents responsive to this Request other than any documents that may also be responsive to Request No. 27 and which, subject to the objections stated in response to Request No. 27, will not be produced.

29.     Produce all documents related to Your membership or ownership interest with any of the Partner Entities.

**RESPONSE:**   Tyler objects to this Request as duplicative of Request No. 27.

Tyler has no documents responsive to this Request other than any documents that may also be responsive to Request No. 27 and which, subject to the objections stated in response to Request No. 27, will not be produced.

30.     Produce all communications between You and any of the Individual Defendants – either individually or collectively – related to Your membership or ownership interest with any of the Partner Entities.

10

**RESPONSE:**   Tyler objects to this Request as duplicative of Request No. 27.

Tyler has no documents responsive to this Request other than any documents that may also

be responsive to Request No. 27 and which, subject to the objections stated in response to Request

No. 27, will not be produced.

31.   Produce all membership agreements, ownership agreements, shareholder
agreements, or operating agreements related to any of the Partner Entities.

**RESPONSE:**   Tyler has no documents responsive to this Request.

32.   Produce all communications between You and any of the Individual Defendants –
either individually or collectively – related to all membership agreements, ownership agreements,
shareholder agreements, or operating agreements related to any of the Partner Entities.

**RESPONSE:**   Tyler objects to this Request as duplicative of Request No. 27.

Tyler has no documents responsive to this Request other than any documents that may also

be responsive to Request No. 27 and which, subject to the objections stated in response to Request

No. 27, will not be produced.

33.   Produce all contracts, promissory notes, and other agreements that You executed
with any of the Partner Entities.

**RESPONSE:**   Tyler has no documents responsive to this Request.

34.   Produce all communications regarding any and all contracts, promissory notes, and
other agreements that You executed with any of the Partner Entities.

**RESPONSE:**   Tyler objects to this Request as duplicative of Request No. 27.

Tyler has no documents responsive to this Request other than any documents that may also

be responsive to Request No. 27 and which, subject to the objections stated in response to Request

No. 27, will not be produced.

35.   Produce all documents related to the corporate accounts and/or corporate ledgers
of any of the Partner Entities, which documents include, but are not limited to, any documents

related to the Partner Entities' profits, losses, loans, expenses, dividends, stock ownership, accounts receivables, salaries, and similar documents.

**RESPONSE:**   Tyler has no documents responsive to this Request.

36.    Produce all communications between You and any of the Individual Defendants – either individually or collectively – related to the corporate accounts and/or corporate ledgers of any of the Partner Entities.

**RESPONSE:**   Tyler objects to this Request as duplicative of Request No. 27.

Tyler has no documents responsive to this Request other than any documents that may also be responsive to Request No. 27 and which, subject to the objections stated in response to Request No. 27, will not be produced.

37.    Produce all documents related to any compensation or payments You received from any of the Partner Entities.

**RESPONSE:**   Tyler objects to this Request as duplicative of Request No. 27.

Tyler has no documents responsive to this Request other than any documents that may also be responsive to Request No. 27 and which, subject to the objections stated in response to Request No. 27, will not be produced.

38.    Produce all communications between You and any of the Individual Defendants – either individually or collectively – related to any and all compensation or payments You received from any of the Partner Entities.

**RESPONSE:**   Tyler objects to this Request as duplicative of Request No. 27.

Tyler has no documents responsive to this Request other than any documents that may also be responsive to Request No. 27 and which, subject to the objections stated in response to Request No. 27, will not be produced.

39.    Produce all documents related to bank statements of any of the Partner Entities, which includes, but is not limited to, any documents reflecting where money from the Partner Entities was deposited.

**RESPONSE:**   Tyler has no documents responsive to this Request.

40.     Produce all communications between You and any of the Individual Defendants – either individually or collectively – related to the bank statements of any of the Partner Entities.

**RESPONSE:**   Tyler has no documents responsive to this Request.

41.     Produce all documents related to the use of funds that the Partner Entities received from any individual, entity, or investor in connection with any Projects.

**RESPONSE:**   Tyler has no documents responsive to this Request.

42.     Produce all communications between You and any of the Individual Defendants – either individually or collectively – related to the use of funds that the Partner Entities received from any individual, entity, or investor in connection with any Projects.

**RESPONSE:**   Tyler has no documents responsive to this Request.

43.     Produce all documents related to the financial records of any of the Partner Entities.

**RESPONSE:**   Tyler has no documents responsive to this Request.

44.     Produce all communications between You and any of the Individual Defendants – either individually or collectively – related to the financial records of the Partner Entities.

**RESPONSE:**   Tyler has no documents responsive to this Request.

45.     Produce all documents related to the use of funds that You invested in any of the Partner Entities in connection with any Projects.

**RESPONSE:**   Tyler has no documents responsive to this Request.

46.     Produce all communications between You and any of the Individual Defendants – either individually or collectively – related to the use of funds that You invested in any of the Partner Entities in connection with any Projects.

**RESPONSE:**   Tyler has no documents responsive to this Request.

47.     Produce all tax records and tax documents that You received from any of the Partner Entities.

**RESPONSE:**   Tyler objects to this Request as overly broad and unduly burdensome and not proportional to the needs of this case because it seeks Non-Relevant Information.  This matter

4870-8141-4410.1

concerns Plaintiffs' purchase of JJMT promissory notes in 2019. Tyler's tax records, or any tax documents Tyler received prior to that time and from third-party entities are not relevant to the claims or defenses of any party in this case.

Subject to these objections and the General Objections, no documents will be produced in response to this Request.

48.     Produce all communications between You and any of the Individual Defendants – either individually or collectively – regarding the business model of the 1inMM Entities.

**RESPONSE:**   Tyler has no documents responsive to this Request.

49.     Produce all documents regarding the business model of the 1inMM Entities.

**RESPONSE:**   Tyler has no documents responsive to this Request.

50.     Produce all documents related to investments You made (either individually or through any entity controlled or owned by the Individual Defendants) in entities owned or controlled by Horwitz, including the 1inMM Entities. For each investment made, provide documents showing the investment made, the date of such an investment, and the return on such an investment.

**RESPONSE:**   Tyler objects to this Request as overly broad, unduly burdensome and not proportional to the needs of this case because it seeks Non-Relevant Information. This matter concerns Plaintiffs' purchase of JJMT promissory notes in 2019, and Tyler's personal investments prior to that time, in JJMT and/or any other third-party, are not relevant to the claims or defenses of any party.

Subject to these objections and the General Objections, no documents will be produced in response to this Request.

51.     Produce all communications related to investments You made (either individually or through any entity controlled or owned by the Individual Defendants) in entities owned or controlled by Horwitz, including the 1inMM Entities.

**RESPONSE:**   Tyler objects to this Request as duplicative of Request No. 50.

Tyler has no documents responsive to this Request other than any documents that may also be responsive to Request No. 50 and which, subject to the objections stated in response to Request No. 50, will not be produced.

52.     Produce all communications between You and any of the Individual Defendants – either individually or collectively – referencing Horwitz.

**RESPONSE:**   Tyler will conduct a reasonable search of documents in his possession, custody and control and, subject to these objections and the General Objections, produce responsive documents to the extent any are located.

53.     Produce all communications between You and any of the Individual Defendants – either individually or collectively – referencing the 1inMM Entities.

**RESPONSE:**   Tyler will conduct a reasonable search of documents in his possession, custody and control and, subject to these objections and the General Objections, produce responsive documents to the extent any are located.

54.     Produce all documents related to any due diligence efforts that You undertook into the 1inMM Entities or Horwitz.

**RESPONSE:**   Tyler has no documents responsive to this Request.

55.     Produce all communications between You and any of the Individual Defendants – either individually or collectively – regarding any due diligence efforts undertaken into the 1inMM Entities or Horwitz.

**RESPONSE:**   Tyler will conduct a reasonable search of documents in his possession, custody and control and, subject to these objections and the General Objections, produce responsive documents to the extent any are located.

56.     Produce all documents related to payments made to JJMT by the 1inMM Entities.

**RESPONSE:**   Tyler has no documents responsive to this Request.

57.   Produce all communications related to payments made to JJMT by the 1inMM Entities.

**RESPONSE:**   Tyler has no documents responsive to this Request.

58.   Produce all documents related to payments or compensation made to You by the 1inMM Entities.

**RESPONSE:**   Tyler has no documents responsive to this Request.

59.   Produce all documents related to payments or compensation made to You by Horwitz or any entity owned or controlled by Horwitz.

**RESPONSE:**   Tyler has no documents responsive to this Request.

60.   Produce all communications related to payments made to You by the 1inMM Entities.

**RESPONSE:**   Tyler has no documents responsive to this Request.

61.   Produce all communications related to any payments required under any agreement between JJMT and the 1inMM Entities.

**RESPONSE:**   Tyler has no documents responsive to this Request.

62.   Produce all communications related to any payments required under any agreement between You and the 1inMM Entities.

**RESPONSE:**   Tyler has no documents responsive to this Request.

63.   Produce all communications between You and the 1inMM Entities.

**RESPONSE:**   Tyler has no documents responsive to this Request.

64.   Produce all communications between You and Horwitz regarding any Project.

**RESPONSE:**   Tyler has no documents responsive to this Request.

65.   Produce all communications between You and Horwitz regarding Horwitz's business relationships with Netflix, Sony Pictures, HBO Studios, or any other film or media distribution company.

4870-8141-4410.1

**RESPONSE:** Tyler has no documents responsive to this Request.

66. Produce all communications between You and Horwitz regarding Horwitz's ability to obtain rights in any Project and sell them to third parties.

**RESPONSE:** Tyler has no documents responsive to this Request.

67. Produce all communications between You and Horwitz regarding any of the 1inMM Entities.

**RESPONSE:** Tyler has no documents responsive to this Request.

68. Produce all communications between You and Horwitz regarding JJMT.

**RESPONSE:** Tyler has no documents responsive to this Request.

69. Produce all communications between You and Horwitz regarding any of the Partner Entities.

**RESPONSE:** Tyler has no documents responsive to this Request.

70. Produce all communications between You and Horwitz regarding any investment opportunity that Horwitz or the 1inMM Entities offered You or any entity controlled or owned by You.

**RESPONSE:** Tyler has no documents responsive to this Request.

71. Produce all communications between You and any of the Individual Defendants – either individually or collectively – regarding investments in the 1inMM Entities.

**RESPONSE:** Tyler has no documents responsive to this Request.

72. Produce all communications between You and any third parties related to investments in the 1inMM Entities.

**RESPONSE:** Tyler objects to this Request as vague, overly burdensome and not proportional to the needs of this case because it seeks Non-Relevant Information. Tyler further objects to this Request to the extent it seeks confidential financial information concerning third-parties. Finally, Tyler objects to this Request to the extent it seeks Privileged Information.

17

Subject to these objections and the General Objections, Tyler will conduct a reasonable search of documents in his possession, custody and control and will produce responsive documents to the extent any are located.

73.     Produce all documents related to any and all agreements, transactions, promissory notes, or financing agreements executed by or between JJMT and the 1inMM Entities.

**RESPONSE:**   Tyler has no documents responsive to this Request.

74.     Produce all communications between You and any of the Individual Defendants – either individually or collectively – related to any and all agreements, transactions, promissory notes, or financing agreements executed by or between JJMT and the 1inMM Entities.

**RESPONSE:**   Tyler has no documents responsive to this Request.

75.     Produce all documents related to any and all agreements, transactions, promissory notes, or financing agreements executed by or between any of the Partner Entities and the 1inMM Entities.

**RESPONSE:**   Tyler has no documents responsive to this Request.

76.     Produce all communications between You and any of the Individual Defendants – either individually or collectively – related to any and all agreements, transactions, promissory notes, or financing agreements executed by or between any of the Partner Entities and the 1inMM Entities.

**RESPONSE:**   Tyler has no documents responsive to this Request.

77.     Produce all documents related to any and all Projects in which JJMT was involved.

**RESPONSE:**   Tyler has no documents responsive to this Request.

78.     Produce all communications between You and any of the Individual Defendants – either individually or collectively – related to any and all Projects in which JJMT was involved.

**RESPONSE:**   Tyler has no documents responsive to this Request.

79.     Produce all documents related to any and all Projects in which any of the Partner Entities were involved.

**RESPONSE:**   Tyler has no documents responsive to this Request.

4870-8141-4410.1

80.     Produce all communications between You and any of the Individual Defendants – either individually or collectively – related to any and all Projects in which any of the Partner Entities were involved.

**RESPONSE:**   Tyler has no documents responsive to this Request.

81.     Produce all documents related to any and all agreements, transactions, promissory notes, or financing agreements executed by or between You and the 1inMM Entities.

**RESPONSE:**   Tyler has no documents responsive to this Request.

82.     Produce all communications related to any and all agreements, transactions, promissory notes, or financing agreements executed by or between You and the 1inMM Entities.

**RESPONSE:**   Tyler has no documents responsive to this Request.

83.     Produce all communications among or between You and Netflix, the entity referenced in the JJMT Investment Opportunity Overview, which is attached as Exhibit A to these Requests.

**RESPONSE:**   Tyler has no documents responsive to this Request.

84.     Produce all communications among or between You and Sony Pictures, the entity referenced in the JJMT Investment Opportunity Overview, which is attached as Exhibit A to these Requests.

**RESPONSE:**   Tyler has no documents responsive to this Request.

85.     Produce all communications among or between You and HBO Studios, the entity referenced in the JJMT Investment Opportunity Overview, which is attached as Exhibit A to these Requests.

**RESPONSE:**   Tyler has no documents responsive to this Request.

86.     Produce all documents and communications related to the transactions referenced in Paragraphs 5 and 8 of the Declaration of Matthew Schweinzger, which Declaration is attached as Exhibit 1 to the Amended Complaint.

**RESPONSE:**   Tyler objects to this Request as overly broad, unduly burdensome and not

proportional to the needs of this case because it seeks Non-Relevant Information.  This matter

concerns Plaintiffs' purchase of JJMT promissory notes in 2019, and investments in 1inMM prior

to that time, by Tyler or any third-party entity, are not relevant to the claims or defenses of any party. Tyler further objects to this Request as duplicative, in part, of Request Nos. 52 and 53.

Subject to these objections and the General Objections, Tyler will produce responsive documents as stated in response to Request Nos. 52 and/or 53.

87.     Produce all documents and communications related to the "Foreign Sales Agent (FSA) Purchase Agreements," which are referenced in Paragraph 10 of the Declaration of Mathew Schweinzger that is attached as Exhibit 1 to the Amended Complaint.

**RESPONSE:**    Tyler has no documents responsive to this Request.

88.     Produce all documents and communications related to the "Licensing and Distribution Agreements with Netflix and HBO," which are referenced in Paragraph 10 of the Declaration of Mathew Schweinzger that is attached as Exhibit 1 to the Amended Complaint.

**RESPONSE:**    Tyler objects to the Requests as seeking production of documents and information in the possession and control of JJMT and/or other Individual Defendants. Tyler further objects to this Request to the extent it seeks Privileged information.

Subject to and without waiving the foregoing objection and the General Objections, Tyler will conduct a reasonable search of documents in his possession, custody and control and, subject to these objections and the General Objections, produce non-privileged, responsive documents to the extent any are located.

89.     Produce all documents and communications related to the "1inMM and JJMT Promissory Notes," which are referenced in Paragraph 10 of the Declaration of Mathew Schweinzger that is attached as Exhibit 1 to the Amended Complaint.

**RESPONSE:**    Tyler has no documents responsive to this Request.

90.     Produce all documents and communications related to the "Netflix Proposal[s]," which are referenced in Paragraph 10 of the Declaration of Mathew Schweinzger that is attached as Exhibit 1 to the Amended Complaint.

**RESPONSE:**    Tyler has no documents responsive to this Request.

91.     Produce all documents and communications related to the "Due Diligence questions and answers," which are referenced in Paragraph 10 of the Declaration of Mathew Schweinzger that is attached as Exhibit 1 to the Amended Complaint.

**RESPONSE:**   Tyler has no documents responsive to this Request.

92.     Produce all "Communications with FSAs, Netflix, and HBO," which are referenced in Paragraph 10 of the Declaration of Mathew Schweinzger that is attached as Exhibit 1 to the Amended Complaint.

**RESPONSE:**   Tyler has no documents responsive to this Request.

93.     Produce all documents and communications related to the "more than 400 documents and contracts, as well as emails, and other materials regarding putative content licensing transactions conducted by 1inMM" that were provided to Schweinzger and/or any other Defendants, which are referenced in Paragraph 10 of the Declaration of Mathew Schweinzger that is attached as Exhibit 1 to the Amended Complaint.

**RESPONSE:**   Tyler has no documents responsive to this Request other than any documents produced in response to Request No. 88.

94.     Produce all communications among or between You and any of the Individual Defendants – either individually or collectively – regarding the Subscription Agreements executed by JJMT, which Subscriptions Agreements are referenced in Exhibit 3 to the Amended Complaint.

**RESPONSE:**   Tyler has no documents responsive to this Request.

95.     Produce all communications among or between You and any of the Individual Defendants – either individually or collectively – regarding the Subscription Agreements executed by the Partner Entities, which Subscriptions Agreements are referenced in Exhibit 3 to the Amended Complaint.

**RESPONSE:**   Tyler objects to this Request as vague and ambiguous because there is no reference in Exhibit 3 to the Amended Complaint to Subscription Agreements executed by the Partner Entities.

Subject to the foregoing objection, Tyler has no documents responsive to this Request.

96.     Produce all Subscription Agreements that You executed, which Subscription Agreements are referenced in Exhibit 3 to the Amended Complaint.

**RESPONSE:**   Tyler objects to this Request as vague and ambiguous because there is no reference

in Exhibit 3 to Subscription Agreements executed by Tyler.

Subject to the foregoing objection, Tyler has no documents responsive to this Request.

97.   Produce all communications among or between You and any of the Individual Defendants – either individually or collectively – related to any and all Subscription Agreements that You executed, which Subscription Agreements are referenced in Exhibit 3 to the Amended Complaint.

**RESPONSE:**   Tyler objects to this Request as vague and ambiguous because there is no reference

in Exhibit 3 to the Amended Complaint to Subscription Agreements executed by Tyler.

Subject to the foregoing objection, Tyler has no documents responsive to this Request.

98.   Produce all documents and communications related to the "capital call[s]" between JJMT and its "investors," as referenced in Exhibit 3 to the Amended Complaint.

**RESPONSE:**   Tyler has no documents responsive to this Request.

99.   Produce all documents and communications related to any and all "short form Investment Commitment memo[s]" executed between JJMT and any other individuals or parties, as referenced in Exhibit 3 to the Amended Complaint.

**RESPONSE:**   Tyler has no documents responsive to this Request.

100.   Produce all documents related to any promissory notes executed by the Individual Defendants with JJMT.

**RESPONSE:**   Tyler has no documents responsive to this Request.

101.   Produce all communications between You and any of the Individual Defendants – either individually or collectively – related to any promissory notes executed by the Individual Defendants with JJMT.

**RESPONSE:**   Tyler has no documents responsive to this Request.

102.   Produce all documents related to any promissory notes executed by the Individual Defendants with any of the Partner Entities.

**RESPONSE:**   Tyler has no documents responsive to this Request.

103. Produce all communications between You and any of the Individual Defendants – either individually or collectively – related to any promissory notes executed by the Individual Defendants with any of the Partner Entities.

**RESPONSE:** Tyler has no documents responsive to this Request.

104. Produce all documents related to any promissory notes executed by any third parties with JJMT.

**RESPONSE:** Tyler has no documents responsive to this Request other than copies of certain Promissory Notes attached as exhibits to the Complaint filed in *Beepa Cheech Paulo, LLC, et al. v. deAlteris, et al.,* No. 2021-L-004262, Circuit Court of Cook County, Law Division.

105. Produce all communications between You and any of the Individual Defendants – either individually or collectively – related to any promissory notes executed by any third parties with JJMT.

**RESPONSE:** Tyler has no documents responsive to this Request.

106. Produce all documents related to any promissory notes executed by any third parties with any of the Partner Entities.

**RESPONSE:** Tyler has no documents responsive to this Request.

107. Produce all communications between You and any of the Individual Defendants – either individually or collectively – related to any promissory notes executed by any third parties with any of the Partner Entities.

**RESPONSE:** Tyler has no documents responsive to this Request.

108. Produce all documents related to any and all promissory notes executed between JJMT and Plaintiffs.

**RESPONSE:** Tyler has no documents responsive to this Request other than copies of the Promissory Notes attached as exhibits to Plaintiffs' Amended Complaint.

109. Produce all communications between You and any of the Individual Defendants – either individually or collectively – regarding any promissory notes executed between JJMT and Plaintiffs.

**RESPONSE:** Tyler has no documents responsive to this Request.

23

110.    Produce all documents related to any and all promissory notes, transactions, Subscription Agreements, or Projects in connection with Horwitz or any of the 1inMM Entities.

**RESPONSE:**    Tyler objects to this Request as duplicative of Plaintiffs' other Requests.

Subject to these objections and the General Objections, Tyler will produce responsive documents as stated in response to Request Nos. 52 and/or 53.

111.    Produce all communications between You and any third parties related to any and all promissory notes, transactions, Subscription Agreements, or Projects in in connection with Horwitz or any of the 1inMM Entities.

**RESPONSE:**    Tyler objects to this Request as vague, overly burdensome and not proportional to the needs of this case because it seeks Non-Relevant Information. Tyler further objects to this Request to the extent it seeks confidential financial information concerning third-parties. Tyler objects to this Request to the extent it seeks Privileged Information. Finally, Tyler objects to this Request as duplicative of Plaintiffs' other Requests including, without limitation, Request Nos. 52, 53, and 110.

Subject to these objections and the General Objections, Tyler will produce responsive documents as stated in response to Request Nos. 52 and/or 53.

112.    Produce all communications between You and Plaintiffs – either individually or collectively.

**RESPONSE:**    Tyler has no documents responsive to this Request.

113.    Produce all documents concerning any group communications made to investors of JJMT.

**RESPONSE:**    Tyler has no documents responsive to this Request other than the documents attached as Exhibits to Plaintiffs' Amended Complaint and to the Complaint filed in *Beepa Cheech*

*Paulo, LLC, et al. v. deAlteris, et al.,* No. 2021-L-004262, Circuit Court of Cook County, Law Division.

114.    Produce all communications among or between You and any of the Individual Defendants – either individually or collectively – related to any group communications made to investors of JJMT.

**RESPONSE:**    Tyler has no documents responsive to this Request.

115.    Produce all documents concerning any group communications made to investors of any of the Partner Entities.

**RESPONSE:**    Tyler has no documents responsive to this Request.

116.    Produce all communications among or between You and any of the Individual Defendants – either individually or collectively – related to any group communications made to investors of any of the Partner Entities.

**RESPONSE:**    Tyler has no documents responsive to this Request.

117.    Produce all documents related to any Events in which You attended with Horwitz or that was otherwise purchased or paid for by Horwitz or any entity owned or controlled by Horwitz.

**RESPONSE:**    Tyler has no documents responsive to this Request.

118.    Produce all communications related to any Events in which You attended with Horwitz or that was otherwise purchased or paid for by Horwitz or any entity owned or controlled by Horwitz.

**RESPONSE:**    Tyler has no documents responsive to this Request.

119.    Produce all documents that You provided to the United States Securities and Exchange Commission ("SEC") in connection with any investigation into Zachary Horwitz or the 1inMM Entities.

**RESPONSE:**    Tyler has no documents responsive to this Request.

120.    Produce all documents that You provided to any governmental agency other than the SEC in connection with any investigation into Zachary Horwitz or the 1inMM Entities.

**RESPONSE:**    Tyler has no documents responsive to this Request.

4870-8141-4410.1

121.    Produce all statements that You made to the United States SEC in connection with any investigation into Zachary Horwitz or the 1inMM Entities.

**RESPONSE:**    Tyler has no documents responsive to this Request.

122.    Produce all statements that You made to any governmental agency other than the SEC in connection with any investigation into Zachary Horwitz or the 1inMM Entities.

**RESPONSE:**    Tyler has no documents responsive to this Request.

123.    Produce all documents related to Your resignation from JJMT.

**RESPONSE:**    Tyler objects this Request as duplicative of Request No. 6.

Subject to and without waiving the foregoing objection and the General Objections, Tyler will produce responsive documents as stated in response to Request No. 6.

124.    Produce all communications related to Your resignation from JJMT.

**RESPONSE:**    Tyler objects this Request as duplicative of Request No. 6.

Subject to and without waiving the foregoing objection and the General Objections, Tyler will produce responsive documents as stated in response to Request No. 6.

125.    Produce all documents related to Your resignation from any of the Partner Entities.

**RESPONSE:**    Tyler has no documents responsive to this Request.

126.    Produce all communications related to Your resignation from any of the Partner Entities.

**RESPONSE:**    Tyler has no documents responsive to this Request.

127.    Produce all documents related to any compensation and/or payments You received in connection with Your resignation from JJMT.

**RESPONSE:**    Tyler objects to this Request as duplicative of Request No. 14.

26

Tyler has no documents responsive to this Request other than any documents that may also be responsive to Request No. 14 and which, subject to the objections stated in response to Request No. 14, will not be produced.

128.    Produce all communications related to any compensation and/or payments You received in connection with Your resignation from JJMT.

**RESPONSE:**    Tyler objects to this Request as duplicative of Request No. 14.

Tyler has no documents responsive to this Request other than any documents that may also be responsive to Request No. 14 and which, subject to the objections stated in response to Request No. 14, will not be produced.

129.    Produce all documents related to any compensation and/or payments You received in connection with Your resignation from any of the Partner Entities.

**RESPONSE:**    Tyler has no documents responsive to this Request.

130.    Produce all communications related to any compensation and/or payments You received in connection with Your resignation from any of the Partner Entities.

**RESPONSE:**    Tyler has no documents responsive to this Request.

131.    Produce all tax returns for years 2014 through and including 2021.

**RESPONSE:**    Tyler objects to this Request as overly broad and unduly burdensome and not proportional to the needs of this case because it seeks Non-Relevant Information.  This matter concerns Plaintiffs' purchase of JJMT promissory notes in 2019, after Tyler resigned.  None of Tyler's tax returns, for any year, are relevant to the claims or defenses of any party.

Subject to these objections and the General Objections, no documents will be produced in response to this Request.

132.    Produce all bank statements for any personal accounts that were used to receive compensation and/or payments from JJMT.

**RESPONSE:** Tyler objects to this Request as overly broad and unduly burdensome and not proportional to the needs of this case because it seeks Non-Relevant Information. This matter concerns Plaintiffs' purchase of JJMT promissory notes in 2019, after Tyler resigned. Tyler's personal financial records showing compensation and/or payments from JJMT prior to that time are not relevant to the claims or defenses of any party.

Subject to these objections and the General Objections, no documents will be produced in response to this Request.

133. Produce all bank statements for any personal accounts that were used to receive compensation and/or payments from any of the Partner Entities.

**RESPONSE:** Tyler objects to this Request as overly broad and unduly burdensome and not proportional to the needs of this case because it seeks Non-Relevant Information. This matter concerns Plaintiffs' purchase of JJMT promissory notes in 2019. Tyler's personal financial records showing compensation and/or payments from third parties prior to that time are not relevant to the claims or defenses of any party.

Subject to these objections and the General Objections, no documents will be produced in response to this Request.

134. Produce all bank statements for any personal accounts that were used to receive compensation and/or payments from Horwitz.

**RESPONSE:** Tyler has no documents responsive to this Request.

135. Produce all bank statements for any personal accounts that were used to receive compensation and/or payments from any of the 1inMM Entities.

**RESPONSE:** Tyler has no documents responsive to this Request.

136. Produce all tax documents related to any investments, transactions, payments, or compensation in connection with JJMT.

**RESPONSE:** Tyler objects to this Request as overly broad and unduly burdensome and not proportional to the needs of this case because it seeks Non-Relevant Information. This matter concerns Plaintiffs' purchase of JJMT promissory notes in 2019, after Tyler resigned. Tyler's personal financial records showing compensation and/or payments from JJMT prior to that time are not relevant to the claims or defenses of any party.

Subject to these objections and the General Objections, no documents will be produced in response to this Request.

137. Produce all tax documents related to any investments, transactions, payments, or compensation in connection with any of the Partner Entities.

**RESPONSE:** Tyler objects to this Request as overly broad and unduly burdensome and not proportional to the needs of this case because it seeks Non-Relevant Information. This matter concerns Plaintiffs' purchase of JJMT promissory notes in 2019. Tyler's tax records related to transactions, compensation and/or payments from third parties prior to that time are not relevant to the claims or defenses of any party.

Subject to these objections and the General Objections, no documents will be produced in response to this Request.

138. Produce all tax documents related to any investments, transactions, payments, or compensation in connection with any of the 1inMM Entities.

**RESPONSE:** Tyler has no responsive documents.

29

Dated: January 27, 2022

s/ Jena L. Levin

Ellen M. Wheeler, ewheeler@foley.com
Margaret G. Nelson, mnelson@foley.com
Jena L. Levin, jlevin@foley.com
FOLEY & LARDNER LLP
321 North Clark Street, Suite 3000
Chicago, IL 60654
Tel: (312) 832-4500

*Attorneys for Tyler Crookston*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of Defendant Tyler Crookston's Responses to Plaintiffs' First Request for the Production of Documents was served to the following counsel of record on January 27, 2022, via email:

Daniel S. Rubin, drubin@howardandhoward.com
Scott C. Frost, sfrost@howardandhoward.com
Christopher L. Schaeffer, cschaeffer@howardandhoward.com
*Counsel for Plaintiffs*

Matthew S. Ryan, mryan@cotsiriloslaw.com
Terence H. Campbell, tcampbell@cotsiriloslaw.com
John N. Pavletic, Jr., jpavletic@cotsiriloslaw.com
*Counsel for Defendants deAlteris, Schweinzger and Wunderlin*

Howard J. Rosenberg, hrosenburg@ksrlaw.com
*Counsel for Defendant JJMT Capital, LLC*

By:   s/ Jena L. Levin

31