IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| STEVEN ARONSON & MATTHEW ARONSON,  *Plaintiffs*,  v.  JJMT CAPITAL, LLC, *et al.*,  *Defendants*. | No. 21 C 1867  Hon. Franklin U. Valderrama |

**JJMT DEFENDANTS' MOTION FOR LEAVE TO SUPPLEMENT
THE STAY BRIEFING WITH THE 1inMM RECEIVER'S
QUARTERLY REPORT IN THE SEC ENFORCEMENT ACTION**

Defendants JJMT Capital, LLC, Jacob Wunderlin, Joseph deAlteris, and Matthew Schweinzger (collectively, the "JJMT Defendants"), by and through undersigned counsel, respectfully submit the following motion for leave to supplement the stay briefing with the quarterly report (the "Report") that the 1inMM Receiver recently filed in the SEC enforcement action pending in the U.S. District Court for the Central District of California. (*See S.E.C. v. Horwitz, et al.*, No. 21 C 2927, Dkt. 93, attached hereto as Exhibit A). In support thereof, the JJMT Defendants state as follows:

1. On March 1, 2022, Defendants filed their reply in support of their motion to stay this matter pending resolution of the Receivership proceedings in *S.E.C. v. Horwitz*. After the parties completed briefing the stay motion, the Receiver filed her first Quarterly Report on May 2, 2022, which provides additional support for Defendants' position that this matter should be stayed. The Receiver's report states that "the Receiver believes that her principal charge is to make the End-Investors," like Plaintiffs and hundreds of others, "as whole as possible, as

1

opposed to merely collecting assets to pay down the restitution judgment entered in the Criminal Action in favor of" 1inMM noteholders like JJMT Capital, LLC and its principals (or in the case of Crookston, former principal). (Ex. A at 4:9–12). To that end, "the Receiver likely has substantial litigation claims to bring against the Principal Aggregators," like JJMT, "and their respective insiders," which includes Wunderlin, Schweinzger, deAlteris, and formerly Crookston. (*Id.* at 4 n.1). In other words, the Receiver has identified Defendants as some of her principal targets for potentially recovering funds on behalf of investors like Plaintiffs. Meanwhile, JJMT has potentially the largest claim against the Receivership Estate, and therefore the Aronsons, as JJMT noteholders, may be compensated through that process.

2. In her Report, the Receiver also identified several inefficiencies created by allowing cases like this one to go forward. She stated that the parallel litigation tracks taken by investors like Plaintiffs "do not appear to be coordinated in any way," (*id.* at 14:28), and investors "perceive themselves to be in competition with other End-Investors in a race to obtain a judgment," (*id.* at 17:7–8). This has created "some degree of confusion" regarding how and whether these cases should proceed at the same time. (*Id.* at 16:10). This confusion, as described by the Receiver, has created two buckets of inefficiency: (1) concurrent suits by the Plaintiffs, other lenders to JJMT, and the Receiver, which results in expensive piecemeal litigation and interferes with the ultimate distribution of the Receivership Case, as noted in the Receiver's Quarterly Report; and (2) duplication of the Receiver's efforts to collect proceeds that can be distributed to JJMT and Plaintiffs as claimants in the Receivership, which would impact (or even vitiate) the potential claims and damages in this case.

3. The Receiver further observed that "any recoveries that the End-Investor plaintiffs obtain on their own as a result of the Investor Actions would likely affect any distributions the

Receiver would make to such End-Investors … during a claims process in this case." (*Id.* at 15:3–6). Hence, the Receiver has already announced her likely intention to pursue claims against entities like JJMT for the benefit of end investors like Plaintiffs. (*Id*. at 4 n.1). In the meantime, because of the disarray caused by the thicket of investor litigation, the Receiver has indicated that there is a present need to "rationalize the proceedings so that efforts are not duplicated[.]" (*Id*. at 17:10–11).

4. The Receiver also noted that she "has been monitoring developments in the Investor Actions to assess their impact, if any, on the administration of the Receivership Estate. This is particularly because any recoveries that the End-Investor plaintiffs obtain on their own as a result of the Investor Actions would likely affect any distributions the Receiver would make to such End-Investors …." (*Id*. at 15:1–6). Indeed, the Report acknowledges that Judge Alonso stayed a case like this one. (*Id*. at 16:20–17:4). The Report then concludes:

> As a result of her lawyers' discussions with counsel for the plaintiffs in the Investor Actions, it appears that these End-Investors feel as though they have no choice but to litigate to recover their investments, and many End-Investors perceive themselves to be in competition with other End-Investors in a race to obtain a judgment.

(*Id*. at 18:5–9).

5. The Receiver has made clear that her charge and goal is to make End Investors like Plaintiffs "as whole as possible," but the proliferation of End Investor litigation—including but not limited to this matter and multiple other lawsuits—creates a race to judgment that undermines the Receiver's role by duplicating efforts and diminishing assets that would otherwise be potentially available to Horwitz's victims. Entering a stay of this matter would, in the Receiver's words, "rationalize" the proceedings. (*Id*. at 17:10–11).

3

**WHEREFORE,** the JJMT Defendants respectfully request that the Court grant their motion and consider the Receiver's quarterly report in deciding the motion to stay.

Dated: May 12, 2022

Respectfully Submitted,

JJMT CAPITAL, LLC

By: */s/ Howard Rosenburg*

James L. Kopecky
Howard J. Rosenburg
Ashley B. Fawver
KOPECKY SCHUMACHER ROSENBURG
120 N. LaSalle St., Ste. 2000
Chicago, IL 60602
(312) 380-6631
hrosenburg@ksrlaw.com

*Counsel for Defendant*
*JJMT Capital, LLC*

JACOB WUNDERLIN,
MATTHEW SCHWEINZGER,
& JOSEPH DEALTERIS

By: */s/ John Pavletic*

Terence H. Campbell
Matthew S. Ryan
Michael Maione
John N. Pavletic, Jr.
COTSIRILOS, TIGHE, STREICKER,
POULOS & CAMPBELL, LTD.
33 N. Dearborn St., Ste. 600
Chicago, IL 60602
(312) 263-0345
jpavletic@cotsiriloslaw.com

*Counsel for Defendants*
*Jacob Wunderlin,*
*Matthew Schweinzger,*
*& Joseph deAlteris*